1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8 GERALD KEITH TAYLOR,                           Case No.: 2:18-cv-02004-KJD-NJK

9        Petitioner                                        **ORDER**

10 v.

11 WARDEN BRIAN WILLIAMS, et al.,

12        Respondents

13

14        Petitioner Gerald Keith Taylor has submitted a 28 U.S.C. § 2254 habeas corpus petition

15 (ECF No. 1-1).  His application to proceed in forma pauperis is granted.  The court has reviewed

16 the petition pursuant to Habeas Rule 4, and it shall be docketed and served on respondents.

17 Taylor has also filed a motion for stay and abeyance in accordance with *Rhines v. Weber* pending

18 the conclusion of his state proceedings (ECF No. 3).

19        In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the

20 discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims.  The

21 *Rhines* Court stated:

22        [S]tay and abeyance should be available only in limited circumstances.
       Because granting a stay effectively excuses a petitioner's failure to present his
       claims first to the state courts, stay and abeyance is only appropriate when the
23     district court determines there was good cause for the petitioner's failure to

exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).  "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).  "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id*.  An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278).  *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

While not entirely clear, it appears that petitioner has returned to state court to pursue a newly-discovered claim and that if he prevails in state court his federal petition would likely be moot. Accordingly, the court shall grant the motion for stay. Taylor will need to file a motion to re-open the case after his state proceedings have concluded.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed in forma pauperis (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk **shall file and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents. No response or other action by respondents is required until further order by this court.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that the motion for stay and abeyance (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's state proceedings.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within **45 days** of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of any state court proceedings.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

Dated: January 2, 2019

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE