# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GERALD KEITH TAYLOR,

    Petitioner

v.

WARDEN BRIAN WILLIAMS, et al.,

    Respondents

Case No.: 2:18-cv-02004-KJD-NJK

**ORDER**

    In December 2019, this court granted petitioner Gerald Keith Taylor's motion to reopen his pro se 28 U.S.C. § 2254 habeas action and denied his motion for appointment of counsel (ECF No. 8). Taylor has subsequently filed a second and third motion for appointment of counsel (ECF Nos. 10, 15). As the court previously explained, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a

person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, the court has already determined that Taylor has presented the issues he wishes to raise related to his guilty plea in a reasonably clear manner, and the legal issues do not appear to be particularly complex. His second motion for counsel is merely the form motion, and in the third he argues that the legal issues are in fact complex. Taylor presents no basis for the court to reconsider its conclusion that counsel is not warranted. Taylor's second and third motions are denied.

The court notes that filing duplicative motions only decreases the court's ability to efficiently and timely consider petitioner's case.

**IT IS THEREFORE ORDERED** that petitioner's second and third motions for appointment of counsel (ECF Nos. 10, 15) are both **DENIED**.

**IT IS FURTHER ORDERED** that petitioner has **30 days** from the date of this order to file his response, if any, to respondents' motion to dismiss (ECF No. 12). Respondents may then file any reply in conformance with the Local Rules.

Dated: April 21, 2020

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE