UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD KEITH TAYLOR,<br><br>                  Petitioner,<br>v.<br><br>WARDEN BRIAN WILLIAMS, et al.,<br><br>                  Respondents. | Case No. 2:18-cv-02004-KJD-NJK<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Gerald Keith Taylor's pro se habeas petition as untimely (ECF No. 12). Taylor opposed (ECF No. 20), and respondents replied (ECF No. 21). As discussed below, this petition is dismissed as untimely.

    I.    **Background**

A grand jury indicted Taylor on 26 counts, including 8 counts of robbery with use of a deadly weapon and 8 counts of first-degree kidnapping, in connection with a string of robberies at Las Vegas cell phone and computer stores (exhibit 5). [1] Taylor pleaded guilty to 3 counts of robbery with a deadly weapon and 1 count of first-degree kidnapping. Exhibit 11. The state district court sentenced Taylor on the 3 robbery counts to 3 terms of 36 to 90 months, with consecutive terms of 36 to 90 months for the deadly weapon enhancement, all terms to run consecutively, and to a term of 60 to 180

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 12, and are found at ECF Nos. 13, 14.

1

months for the kidnapping, to run concurrently with counts 1, 2, and 3. Exh. 12. Judgment of conviction was entered on August 7, 2014. *Id.*

Taylor did not file a direct appeal. He filed his first state postconviction petition on October 28, 2015. Exh. 20. On August 16, 2017, the Nevada Court of Appeals affirmed the denial of the petition as untimely.  Exh. 50.

Taylor filed a second state postconviction petition in September 2018. Exh. 53. He then dispatched his federal habeas petition for mailing about October 15, 2018 (ECF No. 5).  The Nevada Court of Appeals affirmed the denial of Taylor's second postconviction petition on December 8, 2019. Exh. 66. On January 2, 2019, the court granted Taylor's motion for stay and abeyance pending the final resolution of his state-court proceedings (ECF No. 4).  The court granted Taylor's motion to reopen the case on December 16, 2019 (ECF No. 8).  Respondents have moved to dismiss the petition as time-barred (ECF No. 12).

    II.   **Legal Standards**

        **a. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  Further, a properly filed petition for state postconviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

2

### b. Procedural Default

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id*.

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### III. Analysis

### a. Taylor's Federal Claims

Taylor alleges five federal grounds for habeas relief:

> Ground 1: He claims his plea counsel rendered ineffective assistance because there was no evidence placing him at the scene of all but one of the robberies to which he pleaded guilty in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights (ECF No. 5, pp. 3-5).

  Ground 2: Taylor contends that his counsel was ineffective for failing to file a motion to sever in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights. *Id.* at 7-11.

  Ground 3: He argues that his counsel was ineffective for failing to file a motion to dismiss the kidnapping charges in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights. *Id.* at 13-15.

  Ground 4: Taylor asserts that his guilty plea violated his Fifth, Sixth, Eighth and Fourteenth Amendment rights because he did not enter into the agreement voluntarily and knowingly. *Id.* at 17-20.

  Ground 5: Taylor argues that—with respect to the deadly weapon enhancements—he was illegally sentenced pursuant to a non-existent Nevada statute in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights. *Id.* at 22-25.

### b. Taylor's Federal Petition is Untimely

Taylor's judgment of conviction was filed on August 7, 2014. Exh. 12. He did not file a notice of appeal, therefore, his conviction became final 30 days after the judgment of conviction was filed. *See* NRAP 4(b)(1)(A); 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). Accordingly, the AEDPA one-year statute of limitations began to run on September 7, 2014. Absent any statutory tolling, Taylor had until September 7, 2015 to timely dispatch a federal habeas petition for filing.

Taylor filed a motion to withdraw counsel in May 2015. Exh. 14. He then filed a motion to appoint counsel on July 29, 2015, and on July 30, 2015, he filed a motion for 90-day enlargement of time to file a state postconviction petition. Exh. 18. Taylor filed his first state postconviction habeas petition, pro se, on October 28, 2015. Exh. 20.[2] The court appointed counsel, and Taylor filed a counseled supplemental petition on April 4, 2016. Exh. 28. The state district court denied the petition on the merits on October 18, 2016. Exh. 35. On August 16, 2017, the Nevada Court of Appeals affirmed the denial of

---

[2] It appears that the state district court granted Taylor's motion for appointment of counsel in August 2015. *See* exh. 23, p. 4; exh. 35, p. 3. It is unclear why Taylor filed the October 28, 2015 state postconviction petition pro se, but the state district court construed the counseled petition filed in April 2016 as a supplemental petition. *See* exh. 35, p. 4.

4

the petition but on the basis that the petition was untimely and Taylor had failed to show cause and prejudice to excuse that procedural bar. Exh. 50.

Taylor filed a second state postconviction petition on September 4, 2018. Exh. 53. He then dispatched this federal habeas petition for filing on or about October 15, 2018 (ECF No. 5, p. 27). On December 20, 2018, the state district court held that the second state postconviction petition was untimely and successive and thus denied it as procedurally barred. Exh. 58. The Nevada Court of Appeals affirmed the denial on October 8, 2019. Exh. 66.

As the above timeline demonstrates, Taylor did not file a direct appeal, and therefore, the AEDPA statute of limitations expired on September 7, 2015, before he filed his first state postconviction habeas petition on October 15, 2018. Accordingly, Taylor's federal habeas petition is dismissed as time-barred.

### c.  Taylor's Petition Would Be Procedurally Defaulted

The court also notes that respondents are correct that Taylor's federal petition, alternatively, would be subject to dismissal as procedurally defaulted (ECF No. 12, pp. 6-9).

Taylor raised federal grounds 1-4 in his first state postconviction petition. Exh. 28. The Nevada Court of Appeals expressly relied on NRS 34.726 in affirming the denial of the petition as untimely because it was not filed within 1 year of entry of the judgment of conviction.  Exh. 50.  The Nevada Court of Appeals also held that because Taylor did not allege that any external force prevented him from timely filing a petition, he failed to demonstrate good cause for the procedural default. *Id.*; NRS 34.810(3). Taylor raised federal ground 5 in his second state postconviction petition. Exh. 53. The Nevada Court of Appeals also expressly invoked NRS 34.726 (untimely) and NRS 34.810(c) (abuse of the writ) in affirming the denial of the petition as untimely and procedurally barred. Exh. 66.

The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of these procedural bars—NRS 34.726 and NRS 34.810—are each an

5

independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Court of Appeals' determination that the federal grounds Taylor now presents were procedurally barred under NRS 34.726 and NRS 34.810(1)(b) were independent and adequate state grounds to affirm the denial of the claims in the state petitions. Taylor does not argue that he can demonstrate good cause and actual prejudice to excuse the procedural default here.

Even if it were not untimely, this court would dismiss the petition as procedurally barred from federal review. Respondents' motion to dismiss this petition as time-barred is granted. The petition is dismissed with prejudice.

IV. **Certificate of Appealability**

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and rulings in dismissing Taylor's petition, the court finds that none of those rulings meets the *Slack* standard. The court therefore declines to issue a certificate of appealability.

V.   **Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 12) is **GRANTED** as set forth in this order.  The petition is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to file an opposition to the motion to dismiss (ECF No. 19) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 26 October 2020.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE